Wood and Abbott *v.* Funk and Shultz.

---

*WOOD AND ABBOTT *v.* FUNK AND SHULTZ. [196

Where the natural interpretation of the terms used in a plea shows a good defense, exception can not be taken on general demurrer.

Discharge under the insolvent law, on process from a state court, discharges from imprisonment, on process from the United States circuit court.

THIS cause was adjourned from the county of Hamilton. It was an action of debt on a prison bounds bond. The following are the facts of the case:

At the July term, 1833, of the circuit court of the United States for the district of Ohio, the plaintiffs, being citizens and residents of the State of Pennsylvania, recovered a judgment against Bailey Keys for six hundred and sixty-four dollars and fifty-seven cents damages, with costs of suit, in an action of *assumpsit* on a promissory note.

On November 5, 1833, a *ca. sa.* was issued on the judgment, directed to the marshal of the district. Keys being arrested, on the 21st November he executed a bond to the plaintiffs, together with the defendants, as securities, in the sum of one thousand three hundred and ninety-four dollars and forty-six cents, with a condition that he would abide within the jail limits until legally discharged.

In August, 1834, Keys was discharged under the insolvent law of Ohio. He soon after went without the prison bounds, when this suit was brought.

The declaration is in the usual form, Keys being returned "not found." In addition, it alleges that when the judgment was obtained, the plaintiffs were citizens and residents of Pennsylvania, and have been ever since.

The defendants plead in bar of the action against them, that in February, 1834, Keys being under arrest by virtue of an execution issued from the court of common pleas of Hamilton county, applied to the commissioner of insolvents for the benefit of the act for the relief of insolvent debtors; that he exhibited to said commissioner a schedule of his property, and of the debts which he owed, and among others the judgment of plaintiffs; that he executed an assignment of his property to the commissioner and took the oath required by law, and obtained from him a certificate of his having complied with the act; that the commissioner returned his proceedings to the court of common pleas at August term, 1834, when Keys appeared in court and presented his petition for a final discharge; that the court, after examining the proceedings, did grant, order, and adjudge to said Keys a certificate of his having complied with the provisions of the act and obtained the relief therein provided, which judgment being in full force, Keys became legally discharged from imprisonment, *and accord-

197]

ingly went without the limits of the jail. To this plea there is a demurrer, and whether it is a bar to the action is the only question for the decision of the court.

STAR, for the plaintiff, and in support of the demurrer, insisted that the plea was insufficient in not alleging that a certificate of discharge, in form, had issued from the court of common pleas of Hamilton county to the sheriff, for the discharge of Keys. Also, that Keys, being in custody under the process of the federal court, could not be lawfully permitted to leave the bounds, upon a discharge, upon process from the state courts.

Fox, contra.

Judge LANE delivered the opinion of the court:

The plaintiffs' counsel insists that the certificate of the court, that constitutes the discharge of an insolvent debtor from custody, is not sufficiently set out in the plea. This objection is not well taken by a general demurrer. The natural interpretation of the defendants' averment shows a substantial compliance with the law.

The important inquiry upon these pleadings is, whether the insolvent laws of Ohio operate to discharge from imprisonment a debtor in execution under process from the circuit court of the United States, on a judgment recovered in that court by a citizen of another state? This has been a point of much difficulty, from which we are now in a great measure relieved by the action of the proper functionaries of the United States themselves. We have only to follow the Supreme Court of the United States to decide this case. That court has adjudged that the right to imprison on process is no part of the contract; that a discharge from imprisonment does not impair its obligation. 4 Wheat. 200; 12 Wheat. 370. That, though state laws by their own power do not control or affect the process of the United States courts, yet Congress may adopt such laws directly, or may confide authority to the courts to do it. 10 Wheat. 1, 57; 12 Wheat. 213.

The act of Congress of December, 1828, adopted for the circuit courts of the United States sitting in Ohio, the forms of process and modes of proceeding then existing in our highest state courts of general jurisdiction, including the exemptions *from [198 arrests and imprisonments provided by the state laws. The in-

solvent laws of Ohio provided for liberating persons imprisoned for debt in 1828. The subsequent law contains similar provisions, and the act of Congress preserves the law of 1824, in its provisions embodied in the law of 1831. No change was made in the forms of process or modes of proceeding. Upon the principles settled (9 Pet. 362), we hold that Keys was legally discharged, and that judgment on this demurrer be given for the defendants.